EDDY HSU (BAR # 245390)
LAW OFFICE OF EDDY HSU
1900 S NORFOLK ST. SUITE 350
SAN MATEO, CA 94403
(650) 577-5950
Attorney for Creditor Shelly Shisler,

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In Re:

Bryan B. Shisler

         Debtor.

Case No. 21-50228 MEH

RS. No. RA-001

Chapter 11

AMENDED OBJECTION TO APPLICATION TO EMPLOY AMIEL L. WADE AS SPECIAL COUNSELOR DEBTOR-IN-POSSESSION

Creditor SHELLY KONING's (fka SHELLY SHISLER) attorney of record, Eddy Hsu, Esq. files this Objection to AMENDED APPLICATION TO EMPLOY AMIEL L. WADE AS SPECIAL COUNSELOR DEBTOR-IN-POSSESSION filed on September 20, 2021:

## SUMMARY

The Amended Application to Employ should be denied because the applicant has a direct conflict with the estate through representation with an interested party or creditor.

## THE APPLICANT HAS AN INTEREST ADVERSE TO THE ESTATE

1. **The Wade Group and Ms. Stratte have a direct conflict with the estate because they have filed a "quiet title" action against the real property in the bankruptcy estate**
2. Under Rule 2014, any application requires a verified statement from "the person employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants." (Bankruptcy Rule 2014(a))
3. The Court should not approve the application because Ms. Stratte falsely states, <u>under penalty of perjury</u>, that her "neither the Firm nor I have any connections with the Debtor, creditors of the estate, or any party in interest to the estate." (Docket 51 – Declaration of

DECLARATION IN SUPPORT

Erin Stratte in Support of Amended Application to Employ The Wade Law Group As Special Counselor for Debtor-In-Possession, point 8, herein "Stratte Declaration").

4. The Wade Group represents the Debtor-In-Possession's parents in a lawsuit against Ms. Koning which includes a "quiet title" action on the property owned by the bankruptcy estate. The only way for Ms. Stratte to quiet the title is to include the Debtor-In-Possession and the Bankruptcy Estate as a party because Bryan Shisler is the only person on title. In other words, Ms. Stratte is suing the very party she is trying to represent in this motion. (See points 75-70 of the Complaint drafted by The Wade Group on behalf of Dee and Isabel Shisler enclosed as Exhibit A, herein the "Complaint")

5. The Wade Group has filed a Lis Pendens on the bankruptcy estate property without permission from the bankruptcy court which, again, is a direct conflict from the independence required of a special counselor. (Enclosed is a copy of the "Lis Pendens" filed by The Wade Group as Exhibit B, herein "Lis Pendens.")

6. It clear from the Complaint and the Lis Pendens that The Wade Group represents an adverse interest to the estate. As such, their application to employ cannot be approved.

**THE APPLICATION FAILS TO DISCLOSE A DISINTERESTED PARTY CONNECTION.**

7. Either Dee Shisler committed perjury regarding money as a gift to the estate or Erin Stratte committed perjury by stating that her firm has no connection to the Debtor or an interested-party. Or both.

8. The Wade Group failed to declare representation of interested party Dee and Isabel Shisler, the Debtor-In-Possession's parents, who are paying the initial retainer, promised to pay all future fees, and have hired Mr. Wade to recoup "investments" into the bankruptcy estate. The parents are also omitted pre-petition Creditors in the bankruptcy, post-petition creditors of the estate, and have direct interest in the outcome of issues.

9. Most glaring is in Exhibit A which states that Dee and Isabel Shisler "invested" $500,000 into the bankruptcy estate. The bankruptcy court neither approved nor was notified of such an investment. (See Complaint point 13)

10. In fact, Dee Shisler filed a Declaration under penalty of perjury that the money was a "gift" without "any expectation of repayment". (See Docket Item 48 – <u>Declaration of Dee F. Shisler Re: Gift.</u>)
11. The fact that at least one declaration, if not all declarations filed in the motion are false or misrepresents the truth means that The Wade Group should be denied employment.

### **THE APPLICATION IS PROCEDURALLY DEFICIENT UNDER RULE 2014**

12. The <u>Stratte Declaration</u> is defective or fraud on the court by misrepresentation because it was filed **after** Dee and Isabel Shisler retained her firm and after the Lis Pendens was signed. Ms. Stratte already knew she had a conflict when she signed the declaration.
13. The objection to original application to employ was lodged back in July and the Debtor-In-Possession made no attempt to resolve it. Any cure made is misrepresentative of the actual positions of Ms. Stratte's firm and clients.
14. The Declaration by Dee S. Shisler in support of the application to employ demonstrates the continuing misrepresentation to the court because Dee Shisler is not a party to the contract presented in the Application to Employ and he has no legal obligation to pay Mr. Wade's fees. (Docket Item 52)
15. Along the same vein, the <u>Complaint</u> states the Dee Shisler is suing on investments made into the bankruptcy estate and demands compensation for attorney fees spent. (<u>Complaint</u> - Point 13 and Point 46). The <u>Complaint</u> directly contradicts the Dee Shisler's declaration of gifts to the estate and waiver of repayment.
16. With such glaring defects and misrepresentations, The Wade Group cannot represent the Debtor-in-Possession.

### **THE APPLICATION IS DENIABLE UNDER 11 USC 105(a)**

17. The Debtor-In-Possession cites 11 USC 105(a) as a basis for approval of the application. However, 105(a) states that the Court has the power "to prevent the abuse of process" (11 USC 105(a)).
18. Under Section 105(a) the Court could deny the application to employ as an abuse of process. Debtor-In-Possession did not file the application on time even though he had the

time to do so and the application is riddled with perjured declarations or misrepresented facts.

19. The filings highlight Debtor-In-Possession's lack of respect for the bankruptcy process because he continues to misrepresent the $464,000 from his parents as a gift contrary to the <u>Complaint</u> or that Creditor Koning owes him money even though no such asset was disclosed in Schedules A/B.

20. If the application is denied under 105(a), then the Debtor-In-Possession will get a clear message that the bankruptcy is both serious and requires actual adherence to rules.

## **THE ESTATE CANNOT AFFORD THIS PROFESSIONAL**

21. The application should be denied because the estate cannot afford the professional.

22. In all filed Monthly Operating Reports, the estate lists unemployment income of $4,200. This amount will not even cover the mortgage let alone the Debtor-In-Possession's living expenses. There is simply no way the Debtor-In-Possession can afford to pay Mr. Wade in any reasonable amount of time.

23. For example, given the current path of the bankruptcy, the estate will owe current Bankruptcy counsel well over $20,000 of attorney fees, it will owe the Trustee fees, and now it will owe Mr. Wade an unspecified amount. At the current income with the current expenses, the estate could not even propose a $500 monthly payment. These administrative expenses alone will take 5 years to pay off.

24. The estate still has a $6 million tax debt and multiple criminal restitution claims pending. Under the current bankruptcy rules, these claims may be subordinated to accommodate Mr. Wade's fees. Alternatively, the claims will take precedence and Mr. Wade will not be paid for years. In either case, the estate has no ability to propose a plan that can pay everybody.

25. The dispute Mr. Wade is asked to resolve involves an over-secured lien against real property. Therefore Mr. Wade's own fees are junior in position for any confirmable plan. The estate cannot even afford to pay the secured creditors as listed so Mr. Wade will not get paid for his services.

26. The estate should not enter into a contract that is has no feasible way for paying.

## CONCLUSION

A. The Application to Employ Mr. Wade should be denied as defective.
B. The Application to Employ Mr. Wade should be denied as an abuse of process.
C. The Application to Employ Mr. Wade should be denied because Mr. Wade has an interest adverse to the estate.
D. The Application to Employ Mr. Wade should be denied because Mr. Wade is not a disinterested party given his ties to the parents.
E. The Application to Employ Mr. Wade should be denied because the estate cannot afford his services.

Dated: September 21, 2021          /s/ Eddy Hsu
                                                           Eddy Hsu
                                                           Attorney for Shelly Koning (fka Shelly Shisler)