# EXHIBIT A

Amiel L. Wade (No. 184312)
Erin M. Stratte (No. 284698)
WADE LAW GROUP
A Professional Corporation
262 East Main Street
Los Gatos, CA 95030
Telephone: (408) 842-1688
Facsimile: (408) 549-1612

Attorneys for Plaintiffs,
DEE SHISLER & ISABEL SHISLER

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN THE COUNTY OF SANTA CLARA

|  |  |
|---|---|
| DEE SHISLER, and ISABEL SHISLER, | ) Case No. |
|  | ) |
| Plaintiffs, | ) **PLAINTIFFS DEE SHISLER & ISABEL** |
|  | ) **SHISLER'S COMPLAINT FOR DAMAGES** |
| vs. | ) |
|  | ) **(1) ELDER FINANCIAL ABUSE** |
| SHELLY KONING, and DOES 1 through 10, inclusive, | ) **(2) BREACH OF CONTRACT** |
|  | ) **(3) ACTUAL FRAUD** |
|  | ) **(4) CONSTRUCTIVE FRAUD** |
| Defendants. | ) **(5) UNJUST ENRICHMENT -ASSUMPSIT** |
|  | ) **(6) CONVERSION** |
|  | ) **(7) INTENTIONAL MISREPRESENTATION** |
|  | ) **(8) NEGLIGENT MISREPRESENTATION** |
|  | ) **(9) NEGLIGENCE** |
|  | ) **(10) QUIET TITLE** |

///
///
///

Case: 21-50228   Doc# 55-1   Filed: 09/21/21   Entered: 09/21/21 10:31:37   Page 2 of 21

1. Plaintiffs DEE SHISLER & ISABEL SHISLER (hereinafter, "PLAINTIFFS" or "THE SHISLERS") are and were at all relevant times herein mentioned residents of Santa Clara County, California.

2. At all times mentioned in this Complaint, Defendant SHELLY KONING (hereinafter "DEFENDANT" or "KONING") were at all times herein mentioned a resident of California and IS currently a resident of Santa Clara County, California.

3. Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as DOES 1-10, inclusive. Plaintiffs therefore sue these Defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe, and thereon alleges, that each of the fictitiously named Defendants are in some manner responsible for the injuries and damages sustained by Plaintiffs, as alleged herein.

4. At all times mentioned, each Defendant, including, but not limited to Defendants DOES 1 through 10, inclusive, and each of them, were, and each was, an agent, associate and/or employee, acting with the permission, consent and/or in the aid or assistance of one or more of the other above-named Defendants and each of them at all times herein mentioned, was acting within the course and scope of his/her/their agency and/or employment of said Defendants.

5. Furthermore, because of the agency, employment and/or joint venture relationship between Defendants, each Defendant had actual and/or constructive knowledge of the acts of each of the other Co-Defendants. Each Defendant ratified, approved, joined in, acquiesced, and/or authorized the wrongful acts of co-Defendants, and each of them, as set forth below, and/or retained the benefits of said wrongful acts.

6. In performing and failing to perform the acts alleged herein, Defendants aided and abetted the others; as each Defendant is and/or was the employee, agent, joint venture, and/or representative of the others, and was acting on their behalf, within the scope of that agency, employment and/or joint venture and with their permission and consent as each Defendant acted

Case: 21-50228    Doc# 55-1    Filed: 09/21/21    Entered: 09/21/21 10:31:37    Page 3 of 21

both directly and indirectly through agents and employees. As such said Defendants shall hereinafter be collectively referred to as "*Defendants*."

## STATEMENT OF FACTS

7. On or about the onset of December 1987, THE SHISLERS began to be exploited by Shelly Koning for her personal financial gain due to their familial relationship. Plaintiffs Dee & Isabel Shisler were the father-in-law, and mother-in-law respectively to their former daughter-in-law Shelly Koning until her divorce from Bryan Shisler, Plaintiffs' son, in or about 2010.

8. Certain loans for large sums of money were taken by KONING from THE SHISLERS over the course of 20 years and never repaid. Conveniently, these loans were not contemplated by KONING before finalizing the divorce proceedings in 2010. Bryan Shisler has retained residence and title interest in the property located at 1497 Bergerac Drive, San Jose, California 95118 ("SHISLER RESIDENCE.") The SHISLER RESIDENCE is located in Santa Clara County.

9. Over the past several years THE SHISLERS, who are now in their 80's, have lived with their son Bryan Shisler at the SHISLER RESIDENCE. KONING is and has been aware of this fact that THE SHISLERS reside at SHISLER RESIDENCE during her proceedings against the interest of THE SHISLERS in the SHISLER RESIDENCE at all times.

10. THE SHISLERS executed certain loans to KONING, during the course of her over 20-year marriage to Bryan Shisler. These loans were taken by KONING from THE SHISLERS for $35,402 in 1987; use of a revolving Home Depot account in 1992 incurring various sums of debt payable by THE SHISLERS over the course of the next 20 years, $6500 in 1992, $4500 in 1998, debt ratified by signed agreement in 2005, $113,000 in 2009 as levied against the SHISLER RESIDENCE in a deed of trust. These debts were taken by KONING at a rate of 6% interest over the course of her close relationship with THE SHISLERS.

11. At no times have these sums been repaid by KONING to THE SHISLERS.

12. On or about June 2021, KONING sought to foreclose, and did in fact obtain authority from the court to foreclose on or about July 2021, on the SHISLER RESIDENCE through court action in Santa Clara County Superior Court family law case number

108FL146910, in secret without notice to THE SHISLERS in order to obtain title to their property the SHISLER RESIDENCE ("KONING FORECLOSURE EVENT".)

13.     THE SHISLERS had just invested at least $500,000 at the time of drafting this complaint in the SHISLER RESIDENCE related to a bank loan foreclosure action they prevented on the home they lived in with their son Bryan Shisler who is responsible for their care, when KONING, knew or should have known of this investment sought foreclosure on the SHISLER RESIDENCE on or about June 2021.  THE SHISLERS were living at the SHISLER RESIDENCE because they are infirm, elderly, and/or in hospice and receiving 24-hour care by in home health aides, and/or Bryan Shisler and/or his current spouse.  At all times during the KONING FORECLOSURE EVENT, Shelly Koning, was in fact aware of the facts and circumstances of the infirmity, physical residence in, and investment of significant financial resources of THE SHISLERS in the SHISLER RESIDENCE.

14.     Based on the facts detailed above, incorporated in this complaint and further facts to be unveiled throughout the course of the subject matters through discovery proceedings, the Plaintiffs have suffered irreparable harm as a direct, proximate, and substantial result of KONING'S actions as pled herein.

15.     As such, Plaintiffs now respectfully come before the court to request an injunction on the sale of the SHISLER RESIDENCE, repayment of sums outstanding, including interest, attorneys' fees, and costs, compensation for the injuries suffered, and punitive damages from KONING.

## **FIRST CAUSE OF ACTION**

### **(ELDER FINANCIAL ABUSE)**

16.     Plaintiff adopts and restates paragraphs 1 through 15, as though fully set forth herein.

17.     California Welfare and Institutions Code section 15600, et seq., protects elders (anyone 65 year of age or older) and dependent adults from many types of physical abuse and neglect.  "Financial abuse" of an elder or dependent adult occurs when a person or entity does any of the following: (1) Takes, secretes, appropriates, obtains, or retains real or personal

1 property of an elder or dependent adult for a wrongful use or with intent to defraud, or both.   (2)

2 Assists in taking, secreting, appropriating, obtaining, or retaining real or personal property of an

3 elder or dependent adult for a wrongful use or with intent to defraud, or both.   (3) Takes,

4 secretes, appropriates, obtains, or retains, or assists in taking, secreting, appropriating, obtaining,

5 or retaining, real or personal property of an elder or dependent adult by undue influence.

6      18.    THE SHISLERS are and were over the age of 65 when KONING took, hid,

7 appropriated, and/or obtained title to real and personal property from them by agreement, gift,

8 donative transfer, trust and/or other financial instrument.

9      19.    KONING and THE SHISLERS shared a special relationship of "in-laws" and

10 former "in-laws" due to KONING being married to their son Bryan Shisler for a large portion of

11 KONING's adult life that gave rise to KONING's undue influence of THE SHISLERS regarding

12 her actions in obtaining title to real and personal property.

13      20.    KONING used excessive persuasion that overcome THE SHISLERS' free will

14 and caused them to do something or to not do something that caused an unfair result.  THE

15 SHISLERS were incapacitated due to illness, disability, injury, age, and were isolated and/or

16 dependent upon KONING and she knew or should have known of THE SHISLERS'

17 vulnerability.  KONING'S apparent authority included but was not limited to KONING'S

18 position as a fiduciary, family member, and position of closeness with THE SHISLERS during

19 the acts as set forth in this complaint.  The acts KONING committed to obtain property as

20 described herein from THE SHISLERS include, but are not limited to, controlling interactions

21 and access to others, using affection, intimidation, or coercion, initiating changes in personal or

22 property rights using haste or secrecy in making these changes, making changes at inappropriate

23 times and places, and/or claiming expertise in making these changes.  The result of KONING'S

24 actions resulted in unfairness to THE SHISLERS.  This is because the economic consequences to

25 THE SHISLERS as a result of any change of prior intent or course of conduct or dealing

26 including the relationship between any value that THE SHISLERS gave up to the value of the

27 services or other consideration that THE SHISLERS' received and/or the appropriateness of the

28 changes in light of the length and nature of the relationship between THE SHISLERS and

KONING demonstrates an un fair result to THE SHISLERS. It is not simply the unfair result to THE SHISLERS that constitutes undue influence of KONING, but the nature of the actions toward THE SHISLERS in her obtaining property therefrom as complained herein that constitute KONING'S undue influence over THE SHISLERS.

21. At all times KONING with undue influence, knew or should have known that her conduct in obtaining real and personal property, including money and title to their home, among other property, at SHISLER RESIDENCE was likely to have been harmful to the elder adults THE SHISLERS.

22. THE SHISLERS were harmed by the actions of KONING described herein.

23. The taking of property of the elder THE SHISLERS was not restricted to physically removing property from THE SHISLERS' possession. KONING deprived the elder THE SHISLERS of property rights by means of an agreement, donative transfer, and/or testamentary bequest, regardless of whether the property is/was held directly or by a representative of these elder/dependent adults THE SHISLERS.

## SECOND CAUSE OF ACTION

### (BREACH OF CONTRACT)

24. Plaintiffs adopt and restate paragraphs 1 through 23, as though fully set forth herein.

25. THE SHISLERS executed certain loans to KONING, during the course of her over 20-year marriage to Bryan Shisler. These loans were taken by KONING from THE SHISLERS for $35,402 in 1987; use of a revolving Home Depot account in 1992 incurring various sums of debt payable by THE SHISLERS over the course of the next 20 years, $6500 in 1992, $4500 in 1998, debt ratified by signed agreement in 2005, $113,000 in 2009 as levied against the SHISLER RESIDENCE in a deed of trust. These debts were taken by KONING at a rate of 6% interest over the course of her close relationship with THE SHISLERS.

26. As indicated above, the Plaintiffs and Defendant entered into written contracts regarding certain sums over the course of a 20-year period, that were ratified multiple times, the

last time was on or about this year 2021, by statements of KONING. These sums continue to be owed by KONING to THE SHISLERS and remain fully unpaid.

27. Plaintiffs has requested Defendant to perform her obligations under the contracts for loans by demanding repayment.

28. Defendant breached the contracts by engaging in the conduct herein alleged, and even though she ratified the loans through acts, words, or other conduct, has continued to refuse repayment of the sums borrowed thereunder.

29. By engaging in the conduct outlined above and in breaching the contract with Plaintiffs, Defendant also breached the implied covenant of good faith and fair dealing with Plaintiff.

30. In addition, under the California Consumer Legal Remedies Act (CLRA), California Civil Code section 1770, et seq. money paid by THE SHISLERS to KONING was in connection with the sale or lease of goods or services by a consumer. Under CLRA, KONING engaged in unfair methods of competition and unfair or deceptive acts or practices during the transactions with THE SHISLERS resulting in the sale or lease of goods or services that were unlawful. Under CLRA, California Civil Code section 1780, THE SHISLERS seek all remedies including actual damages not less than $1000, injunction, restitution, punitive damages, and as senior citizens and disabled persons they seek an additional $5000 in damages as a result of substantial physical, emotional and/or economic damage resulting from KONING'S conduct, in addition to attorney fees and costs. Notice has been provided to KONING by THE SHISLERS pursuant to section 1782, thirty days or more prior to the commencement of this action.

31. As a direct result of Defendant's conduct, Plaintiffs are informed and believe and on such basis alleges that they suffered damages, incurred costs and attorneys' fees as a result of the Defendant's default, the full extent to which is not currently known. Plaintiffs request leave to amend when said amount is ascertained through the discovery process. WHEREFORE, Plaintiff prays for relief hereinafter set forth.

//

//

PLAINTIFFS DEE SHISLER & ISABEL SHISLER'S COMPLAINT FOR DAMAGES

## THIRD CAUSE OF ACTION

### (ACTUAL FRAUD)

32.     Plaintiffs adopt and restate paragraphs 1 through 31, as though fully set forth herein.

33.     Actual fraud was committed by KONING against THE SHISLERS as defined by California Civil Code section 1572 and includes acts with an intent to deceive.  KONING committed actual fraud against THE SHISLERS when she made a suggestion, as a fact, of that which is not true, by one who does not believe it to be true.  KONING committed actual fraud against THE SHISLERS when she made The positive assertion, in a manner not warranted by the information of the person making it, of that which is not true, though believes it to be true. KONING committed actual fraud against THE SHISLERS when she made the suppression of that which is true, by one having knowledge or belief of the fact.  KONING committed actual fraud against THE SHISLERS when she made a promise without any intention of performing it, including but not limited to her other acts fitted to deceive THE SHISLERS.

34.     KONINGS' acts of actual fraud were deceitful means used to induce THE SHISLERS to enter an agreement(s) as set forth herein.  THE SHISLERS' seek to recover damages as a result of these deceitful agreements.  THE SHISLERS relied upon the misrepresentations and or concealments of KONING and THE SHISLERS were harmed.

35.     THE SHISLERS seek contract remedies of recission, and/or tort remedies of affirmation and damages as a direct result of KONING'S actual fraud in connection with agreement(s) as pled herein.  These damages include but are not limited to: the full amount of the agreement, any interest due therein, attorney fees, costs, and any other damages as awarded by this Court.

## FOURTH CAUSE OF ACTION

### (CONSTRUCTIVE FRAUD)

36.     Plaintiffs adopt and restate paragraphs 1 through 35, as though fully set forth herein.

PLAINTIFFS DEE SHISLER & ISABEL SHISLER'S COMPLAINT FOR DAMAGES

37.     KONING committed constructive fraud against THE SHISLERS, as defined by California Civil Code section 1573.  KONING breached here duty, without an actually fraudulent intent, and gained an advantage, personally, or for agents thereof, by misleading THE SHISLERS to their prejudice or to the prejudice of their agents, beneficiaries, and assigns. Further, KONING committed constructive fraud against THE SHISLERS by any such act or omission as the law specifically declares to be fraudulent, without respect to any actual fraud.

38.     Remedies sought under this section include but are not limited to: rescission as a result of undue influence due to the nature of their "in-laws" relationship and the age/informative of THE SHISLERS as the contract induced by misrepresentation was the result of necessary capacity at the time of the transaction, resulting in a lack of consent by THE SHISLERS to the contract/agreement(s) as pled. Pursuant to California Civil Code section 1567, consent is not real or free when obtained through duress, menace, fraud, undue influence and/or mistake.  California Civil Code section 1688 states that "a contract is extinguished by its rescission."

39.     Additionally, undue influence was exercised by KONING as codified under the Elder Abuse and Dependent Adult Civil Protection Act (EADACPA) at California Welfare & Institutions Code section 15610.70, which provides the considerations for a finding of undue influence, including the vulnerability of the victim, the apparent authority of the perpetrator, tactics, controlling necessaries of life, and more. Furthermore, California Civil Code section 3399 allows for revision of any contract made through fraud or a mutual mistake of the parties, or a mistake of one party.  Here KONING at the time the contract(s)/agreement(s) were entered into with THE SHISLERS, KONING knew or suspected, the written contract(s) did not truly express the intention of the parties.  As a result, under Civil Code § 3399, THE SHISLERS request revision as they are the aggrieved party, so as to express that intentions of the parties at the time of the contract(s), so far as it can be done without prejudice to rights acquired by third persons, in good faith and for value. This revision of the contract(s) on this petition by THE SHISLERS as pled herein are to be informed by Probate Code § 21380 outlines as fraud or undue influence is presumed in donative transfers.

PLAINTIFFS DEE SHISLER & ISABEL SHISLER'S COMPLAINT FOR DAMAGES

40.     THE SHISLERS pray for all remedies for constructive fraud allowable under law including as pled in this section according to proof at trial, and other remedies as provided by the Court in this action under its own motion, including but not limited to restitution, rescission, revision, benefit of the bargain, disgorgement of profits, unjust enrichment, contract damages, actual and constructive damages, interest, costs, and attorneys' fees.

### FIFTH CAUSE OF ACTION

### (UNJUST ENRICHMENT-ASSUMPSIT)

41.     Plaintiffs adopt and restate paragraphs 1 through 40, as though fully set forth herein.

42.     Defendant became indebted to Plaintiffs in the amount at least at least general damages for value of the contract(s)/agreements(s) in addition to the interest, costs, and attorney fees never contemplated to be incurred as damages by Plaintiffs, Defendant has been unjustly enriched as a result of her conduct described herein.

43.     Plaintiffs pray for the relief as allowable by law including actual damages, costs fees, disgorgement, contract damages, attorney fees, costs and other damages considered just as awarded by the Court after proof at trial.

### SIXTH CAUSE OF ACTION

### (CONVERSION OF PROPERTY)

44.     Plaintiffs adopt and restate paragraphs 1 through 43, as though fully set forth herein.

45.     Plaintiffs are informed and believe that to date, the amount of funds that Defendant fraudulently took from the Plaintiffs was at least $107,000.

46.     As a proximate result of Defendant's act of fraud and theft, Plaintiffs has lost money in the amount of at least $800,000, to date, including loaned sums of money, agreed upon interest, investment of money into the SHISLER RESIDENCE, costs and attorney fees.

47.     Between the time of Defendant's conversion of the money taken for her own use and the filing of this action, Plaintiffs had to procure the services of an attorney and other professionals, all to Plaintiffs' further damage.  Also, as a proximate result of the fraudulent

conduct of Defendant as herein alleged, Plaintiffs has been further damaged according to proof.

48.     Because of the undue influence as pled, *supra*, and incorporated herein by reference, of KONING over THE SHISLERS' in her obtaining wrongfully title to their property through conversion, as a result of their special relationship, and their infirmity and age, it was reasonably foreseeable that special injury or harm would result to THE SHISLERS from the conversion, including but not limited to the loss of use of the SHISLER RESIDENCE and any investment made thereto.  Reasonable care on the part of THE SHISLERS' would not have prevented the loss they incurred as pled herein.

49.     Plaintiffs pray for the fair market value at the time of the loss of personal property wrongfully converted by Defendant as defined by code and/or special damages resulting from Defendant's conduct.  Plaintiffs' further request reasonable compensation for the time and money spent in attempting to recover the personal property.  Plaintiffs further seek special damages for emotional distress from Defendant and all other damages deemed as just by order of this Court subject to proof at trial.

<u>**SEVENTH CAUSE OF ACTION**</u>

**(INTENTIONAL MISREPRESENTATION)**

50.     Plaintiffs adopt and restates paragraphs 1 through 49, as though fully set forth herein.

51.     At all times mentioned herein, Defendant falsely represented to Plaintiffs that she would repay certain loans taken from them as a result of their special relationship.

52.     At all times mentioned herein, Defendant knew that the representation was false when made or made the representation recklessly and without regard for its truth.

53.     At all times mentioned herein, Defendant intended that Plaintiffs rely on the representations made in order to benefit from them financially and to Plaintiffs' financial detriment.

54.     In reliance on these representations, Plaintiffs were induced to their financial

PLAINTIFFS DEE SHISLER & ISABEL SHISLER'S COMPLAINT FOR DAMAGES

detriment to provide large monetary sums with the expectation that the monetary sums would be repaid with interest in full. Plaintiffs have incurred unnecessary costs, fees, lost time, and been put under emotional distress based upon the aforementioned false statements made by Defendant.

55.    Plaintiffs' reliance on Defendant's representations was justified because Defendant represented that her representations were true.  It is customary and reasonable for persons such as Plaintiffs to rely upon the representations of a person in Defendant's position who has made such representations, especially in light of the contractual agreement for the sums of money loaned, personal relationship, and business standing of the Defendant.

56.    As a proximate result of the conduct of Defendant as herein alleged, Plaintiffs were induced to providing Defendant with financial resources in the form of certain sums loaned at a reasonable rate of interest over time, which were ratified as recently as 2021.

57.    As a further proximate result of the conduct of Defendant as herein alleged, Plaintiffs suffered extreme mental anguish and emotional and physical distress, shame, mortification, and hurt feelings. Plaintiffs are informed and believe and, on that basis, allege, that the exact amount of said damage inflicted is not ascertained, but Plaintiffs are at least entitled to general damages the value of the subject property damaged and lost, attorneys fees, and costs.

58.    The aforementioned conduct of Defendant was intentional misrepresentation, deceit, and/or concealment on the part of Defendant thereby depriving Plaintiffs of their interests in property, money, and/or legal rights, and/or otherwise subjecting the Plaintiffs to a cruel and unjust hardship in conscious disregard of Plaintiffs' rights, so as to justify an award of exemplary and punitive damages subject to and according to proof at trial by the discretion of this Court. Plaintiffs therefore pray for damages as pled herein.

## EIGHTH CAUSE OF ACTION

### (NEGLIGENT MISREPRESENTATION)

59.    Plaintiffs adopt and restate paragraphs 1 through 58, as though fully set forth herein.

60.     At all times mentioned herein, Defendant falsely represented to Plaintiffs that she would repay the sums of money borrowed from the Plaintiffs at the rate of interest agreed upon and ratified the terms of the agreement(s) as recently as 2021.

61.     Defendant knew that the representation was false when made or made the representation recklessly and without regard for its truth.

62.     At all times mentioned herein, Defendant intended that Plaintiffs rely on the representations made in order to benefit financially and to Plaintiffs' financial detriment.

63.     Plaintiffs reasonably relied on Defendant's representations because Defendant represented that her representations were true.  It is customary and reasonable for persons such as Plaintiffs to rely upon the representations of a person in Defendant's position who has made such representations, especially in light of the contractual agreement for certain sums of money loaned, personal relationship of, and business standing of the Defendant.

64.     As a proximate result of the conduct of Defendant as herein alleged, Plaintiffs were induced to providing Defendant with financial resources including but not limited to certain sums of money loaned at a reasonable rate of interest ratified as recently as 2021.

65.     As a further proximate result of the conduct of Defendant as herein alleged, Plaintiffs suffered extreme mental anguish and emotional and physical distress, shame, mortification, and hurt feelings. Plaintiffs are informed and believe and, on that basis, allege, that the exact amount of said damage inflicted is not ascertained, but Plaintiffs are is at least entitled to general damages the value of the certain sums loaned plus reasonable interest, costs, and fees including attorney fees as a result.

66.     The aforementioned conduct of Defendant was intentional misrepresentation, deceit, and/or concealment on the part of Defendant thereby depriving Plaintiffs of their interests in property, money, and/or legal rights, and/or otherwise subjecting the Plaintiffs to a cruel and unjust hardship in conscious disregard of Plaintiffs' rights, so as to justify an award of exemplary and punitive damages, subject to proof at trial according to the determination of justice according to the Court.

//

## NINTH CAUSE OF ACTION

### (NEGLIGENCE)

67.     Plaintiffs adopt and restate paragraphs 1 through 66, as though fully set forth herein.

68.     Plaintiffs are informed and believe, and on that basis allege that Defendant was negligent in the foreclosure on the SHISLER RESIDENCE and KONING'S actions to date in regard to the SHISLER FORECLOSURE EVENT are the direct and proximate cause for the damage and loss of Plaintiffs' money, personal and household items.

69.     Defendant as the foreclosing party on the residence of THE SHISLERS who are elder and infirm, to whom KONING owes significant certain sums of money per agreements ratified as recent as 2021, who had actual and constructive knowledge of significant monetary investments made by THE SHISLERS into the SHISLER RESIDENCE in 2021, prior to the SHISLER FORECLOSURE EVENT, KONING had a duty to notify THE SHISLERS prior to the SHISLER FORECLOSURE EVENT of her intention to foreclose on the SHISLER RESIDENCE in Santa Clara County Superior Court Case No. 108-FL-146910.

70.     Plaintiffs are informed and believe, and thereon allege that Defendant breached that duty of care when she failed to provide notice prior to the SHISLER FORECLOSURE EVENT and obtained a court order under Santa Clara County Superior Court Case No. 108-FL-146910, allowing her to foreclose on the SHISLER RESIDENCE.

71.     Plaintiffs are informed and believe, and thereon allege that Defendant knew or should have known that by not properly notifying THE SHISLERS, they risked the potential of damages incurred to secure their legal rights and/or potentially the loss of money in the form of fees, costs, investments, personal, and household items in their possession.

72.     Had Defendant not acted in the manner which she did, Plaintiffs would not have incurred damages as pled herein, incorporated by reference hereto, lost irreplaceable family items of a sentimental nature, and been placed in the emotionally charged and distressed position they were placed into in the event such negligent conduct was not perpetrated by KONING.

73.     As a proximate result of Defendant's failure to follow its duty of notice prior to

the SHISLER FORECLOSURE EVENT, Plaintiffs have incurred damages as pled herein, lost irreplaceable family items of a sentimental nature, and been placed in the emotionally charged and distressed position they were placed into in the event such negligent conduct was not perpetrated by KONING.

74.     As a result of the above-described conduct, Plaintiffs have suffered and continue to suffer pain of mind, emotional distress, loss of property, and loss of financial resources, as a result of foreseeable costs, fees including attorney fees associated with the negligence of KONING. WHEREFORE, Plaintiff prays for the relief set forth herein according to proof at trial.

## TENTH CAUSE OF ACTION

### (QUIET TITLE)

75.     Plaintiffs adopt and restate paragraphs 1 through 74, as though fully set forth herein.

76.     KONING has acquired title to SHISLER RESIDENCE by fraud as pled herein. THE SHISLERS are the holders of equitable title to the SHISLER RESIDENCE as investors in the property and seek to quiet title against any interest KONING claims in the SHISLER RESIDENCE in this action.  They seek to quiet title against KONING to establish their claims in the SHISLER RESIDENCE above the claims of KONING. (Civ. Proc. Code, § 760.020; Public Resources Code, § 6307 and 6357.)

77.     THE SHISLERS believe and hereon allege that KONING defrauded THE SHISLERS as equitable title holders of the SHISLER RESIDENCE and KONING, among other acts of fraud and elder abuse as pled herein and incorporated by reference, as KONING'S claims as legal title holder to the SHISLER RESIDENCE was acquired by fraud.

78.     KONING has committed fraud in obtaining the legal right to foreclose on the SHISLER RESIDENCE as a result of her actions in the SHISLER FORECLOSURE EVENT in Santa Clara County Superior Court Case No. 108-FL-146910.  THE SHISLERS seek to quiet title in this action and obtain relief from the fraud of KONING as the defrauded parties as relates to the SHISLER RESIDENCE.

79.     THE SHISLERS pray for damages according to proof at trial as allowable by this cause of action and in the interests of justice awarded by this Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray judgment against Defendants and each of them, as follows:

1.     General damages for the value of the certain sums of money according to agreement(s) when accounting for liabilities remaining and according to proof at trial, including any accounting for interest;

2.     Contract damages where appropriate including but not limited to restitution, revision, recission, unwinding, and costs, fees, and foreseeable damages and any other contractual damages according to law and justice allowable by agreement or statute;

3.     Statutory damages as pled herein for acts of Defendant;

4.     Special damages according to proof;

5.     For punitive damages in an amount appropriate to punish Defendant and deter others as appropriate from engaging in similar misconduct, only where pled herein, *supra*, according to proof at trial and in the interest of justice as determined by the Court;

6.     For the cost of suit incurred herein;

7.     For reasonable attorney fees;

8.     For such other and further relief as the Court may deem proper.

9.     Plaintiffs reserve the right to amend this pleading to allege additional damages after discovery between the parties up to and including at trial.

Dated: August 12, 2021                    WADE LAW GROUP


                                          By _Erin Stratte_____
                                          AMIEL L. WADE
                                          ERIN MARIE STRATTE
                                          Attorneys for Plaintiffs,
                                          DEE SHISLER & ISABEL SHISLER

# EXHIBIT B

AMIEL L. WADE (No. 184312)
ERIN M. STRATTE (No. 284698)
WADE LAW GROUP
A Professional Corporation
262 East Main Street
Los Gatos, CA 95030
Telephone: (408) 842-1688
Facsimile: (408) 549-1612

Attorneys for Respondent BRYAN SHISLER, and
Plaintiffs, DEE SHISLER & ISABEL SHISLER

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN THE COUNTY OF SANTA CLARA

| | |
|---|---|
| SHELLY SHISLER (presently SHELLY KONING), | Case Number 108-FL-146910 |
| Petitioner, | **NOTICE OF PENDENCY OF ACTION (LIS PENDENS) C.C.P.§405.20** |
| vs | |
| BRYAN SHISLER, | |
| Respondent. | |
| DEE SHISLER and ISABEL SHISLER | Related Case - Case Number: Pending |
| Plaintiffs, | **LIS PENDENS** |
| vs | |
| SHELLY KONING, and DOES 1 through 10, inclusive, | |
| Defendants | |

NOTICE IS HEREBY GIVEN that an action has been commenced in the Superior Court for the

County of Santa Clara in the above-entitled court, Case No. 108-FL-146910, concerning real

property and affecting the possession of and title to real property by Respondent Bryan Shisler

against Petitioner Shelly Koning (formerly Shisler). Also, an action concerning real property

and affecting the possession of and title to real property has been filed with the above-entitled

-1-
NOTICE OF PENDENCY OF ACTION (LIS PENDENS) C.C.P. §405.20

court in Related Case (Case Number Pending due to court backlog of 3-6 weeks in issuing case numbers after receipt of initial complaint for filing) entitled Plaintiffs Dee & Isabel Shisler against Defendant Shelly Koning (formerly Shisler). This Lis Pendens, Notice of Pendency of Action, recorded pursuant to Civ. Code. Proc. §405.20, will be re-recorded with the case number for the case Dee & Isabel Shisler v. Shelly Koning, once issued by Santa Clara County Court.

The real property, comprising the subject matter of these actions is certain real property located within the county of Santa Clara, 1497 Bergerac Drive, San Jose, California 95118, Assessor's Parcel Number 567-73-046-00.

The mentioned parcel of real property is located within the State of California and is legally described as follows:

LOT 151, Tract 8516 which Map was filed for record in the office of the Recorder of the County of Santa Clara, State of California on June 8, 1994, in Book 656 of Maps, pages 2, 3, 4.

Dated: September 10, 2021                    By: WADE LAW GROUP




                                              AMIEL L. WADE
                                              ERIN MARIE STRATTE
                                              Attorneys for Brynn Shisler, Dee Shisler & Isabel
                                              Shisler


NOTARY CERTIFICATE ATTACHED

# ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _Santa Clara_

On _9/10/21_ before me, _Joanne Rogers, notary public_
(Insert name and title of the officer)

personally appeared _Aniel L Wade_
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _JRogers_ (Seal)

JOANNE ROGERS
Notary Public • California
Santa Clara County
Commission # 2339748
My Comm. Expires Dec 9, 2024